IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-14-217-24-C |
| ) | |
| CRYSTAL DAWN WOOD, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant filed the present request seeking additional time to file her 28 U.S.C. § 2255 motion. In support of her request, Defendant asserts she is having difficulty securing records necessary to submit her motion. Defendant does not suggest the length of the requested extension.

In United States v. Leon, 203 F.3d 162 (2d Cir. 2000), the Second Circuit held that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." Id. at 164. Prior to an actual filing, "there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory." Id. The Tenth Circuit followed this reasoning in United States v. Verners, 15 F. App'x 657 (10th Cir. 2001). Thus, the applicable precedent holds that additional time to file a § 2255 Motion can be granted only where Defendant (1) "requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001).

Defendant's Motion fails at the first element, as she has not filed a § 2255 Motion. A Court is permitted to construe a filing as a § 2255 Motion even where it is labeled differently. See Castro v. United States, 540 U.S. 375, 377 (2003). However, Defendant must describe or allude to a cognizable § 2255 claim. Defendant's Motion does neither, and so cannot be liberally construed.

For the reasons set forth herein, Defendant's Motion for Extension of Time (Dkt. No. 957) is DENIED.

IT IS SO ORDERED this 17th day of May, 2016.

ROBIN J. CAUTHRON
United States District Judge