IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CRYSTAL DAWN WOOD, ) <br> ) <br> Defendant. ) | No. CR-14-217-24-C <br> CIV-16-717-C |

MEMORANDUM OPINION AND ORDER

Defendant, appearing pro se, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 969). In her Motion, Defendant asserts that her court-appointed counsel was ineffective in her defense of the underlying case where Defendant entered a guilty plea to a one-count Superseding Information, charging conspiracy to distribute drugs in violation of 21 U.S.C. §§ 846 and 841(a)(1)(C). The Court accepted Defendant's guilty plea and sentenced her to 84 months' imprisonment. Defendant also requests relief pursuant to Amendment 794 and 18 U.S.C. § 3553. Plaintiff responded to the Motion and it is now at issue.

I – Ineffective Assistance of Counsel

To prevail on her claim of ineffective assistance of counsel, Defendant must meet the two-pronged analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires that Defendant "show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Second, she must demonstrate that "the deficient performance prejudiced the defense." Id. at 687. Defendant bears a heavy burden in

establishing the first element, as "[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1537 (10th Cir. 1994) (citations omitted). As for the prejudice prong, Defendant "must establish that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." Byrd v. Workman, 645 F.3d 1159, 1168 (10th Cir. 2011) (internal quotation marks and citations omitted). In order to demonstrate prejudice in the context of a guilty plea, Defendant must establish a "reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Defendant asserts six grounds of ineffective assistance of counsel. The Court has considered each argument and reviewed the record. Defendant's grounds one through four all relate to counsel's strategy in regards to the evidence presented. The Court finds that counsel's actions did not fall below an objective standard of reasonableness. Counsel did not pursue some of the strategies Defendant suggests because the evidence made those arguments frivolous. Counsel did however, raise issues related to the sufficiency of the co-conspirator statements and whether they were made in furtherance of the conspiracy in a request for a James hearing* (Dkt. No. 373). He also challenged the conspiracy by attempting to sever Defendant from the proceedings (Mot. to Sever, Dkt. No. 376) and

---

* See United States v. James, 590 F.2d 575 (5th Cir. 1979).

vigorously challenged the evidence through various other motions before the Court. (Mot. for Rule 404(b) Notice, Dkt. No. 370; Mot. for Bill of Particulars, Dkt. No. 371; Mot. in Limine, Dkt. No. 374; Mot. for in Camera Review, Dkt. No. 375; Mot. to Suppress, Dkt. No. 377.) Defendant's conclusory statements regarding the second prong fail to establish a reasonable probability that, but for counsel's errors, she would have insisted on going to trial. Thus, counts one through four are without merit.

Defendant's fifth ground for ineffective assistance of counsel is that counsel failed to object to the stated drug quantity. This argument is without merit because counsel did object to paragraph 21 of the Presentence Report ("PSR"), stating "[t]he presentence report states that based on a series of text messages between Defendant and Anthony Dewayne Cox on March 7, 2014, investigators believe Ms. Wood purchased a pound of marijuana from Cox on that date. Defendant states she never bought marijuana from Cox." (PSR, Dkt. No. 794, p. 29.) Further, counsel stated in the objection to paragraph 25 that "[b]ased on the objection to 21, Defendant should not be held accountable for the one pound of marijuana attributed to her from the alleged March 7, 2014 transaction with Mr. Cox. It is recognized if this objection is credited, it will not alter the advisory guideline range." (PSR, Dkt. No. 794, p. 30.)

In regard to the methamphetamine amount, counsel did not object to the quantity, but Defendant agreed to the stipulation in the plea agreement. Before the Court, counsel for Defendant explained the plea agreement, stating, in part, "there is a stipulation as to the quantity of methamphetamine in this particular case, that being 400 to 700 kilograms." (Tr.

3

of Plea, Dkt. No. 994, p. 13.) The Court explained Defendant's rights and found her to be competent to enter the plea. Defendant has failed to meet either Strickland prong with this claim.

The sixth ground for ineffective assistance of counsel is that counsel failed to argue Defendant's sentence was unreasonable in light of her involvement in the case. However, this ground is unsupported by the record. Defendant's counsel addressed sentencing disparities in the Sentencing Memorandum based on her "secondary role in the offense (as compared to her co-defendants)." (Def.'s Sent. Mem., Dkt. No. 806, p. 5.) Counsel also requested a downward variance on multiple occasions. (PSR, Dkt. No. 794, p. 34); Def.'s Sent. Mem., Dkt. No. 806; (Tr. of Sent, Dkt. No. 995, p. 9-15.) Thus, Defendant's argument fails.

## II – Amendment 794

Defendant argues she qualifies for a retroactive minor role reduction pursuant to Amendment 794, issued by the United States Sentencing Commission amending commentary to U.S.S.G. § 3B1.2. Defendant relies on United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), where the Ninth Circuit stated "[w]e conclude that the Amendment resolved a circuit split, and was intended as a clarifying amendment. We therefore hold that it applies retroactively to direct appeals." Id. at 523. However, Quintero-Leyva is not controlling precedent. The Tenth Circuit has determined that only those amendments specifically enumerated in § 3582(c)(2) are retroactive. See United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); U.S. Sentencing Guidelines Manual § 1B1.10(a)(2). Amendment 794 is

4

not specifically enumerated and cannot be retroactive. See United States v. Aikman, No. 09-10097-01-JTM, 2016 WL 7210721, at *1 (D. Kan. Dec. 13, 2016); United States v. Harrison, No. 12-CR-0016-CVE-1, 2016 WL 6310768, at *2 (N.D. Okla. Oct. 27, 2016), appeal filed (10th Cir. Nov. 16, 2016); United States v. Fouse, No. 13-CR-0108-001-CVE, 2016 WL 4516066, at *2 (N.D. Okla. Aug. 29, 2016).

### III – 18 U.S. C. § 3553

Defendant argues the Court failed under Booker to properly consider the mitigating factors pursuant to 18 U.S.C. § 3553. See generally United States v. Booker, 543 U.S. 220 (2005). Defendant appears to assert a secondary argument that counsel was ineffective by not pursuing the same Booker argument.

As previously discussed herein, counsel addressed mitigating factors when requesting a downward variance on Defendant's behalf. The Court finds that these actions did not fall below an objective standard of reasonableness. Furthermore, counsel had no reason to specifically pursue a Booker argument because the sentencing memoranda prepared by Defendant's counsel and Plaintiff each addressed the § 3553 factors. (Def.'s Sent. Mem., Dkt. No. 806; Pl.'s Sent. Mem., Dkt. No. 809.) Also, the Court was adequately informed of Defendant's background, family history, and mental and emotional health through the PSR, Sentencing Memorandum, and by personally addressing Defendant prior to sentencing. Defendant has offered no argument related to the second Strickland prong and the Court finds no Booker violation and thus, this claim must fail.

### CONCLUSION

For the reasons set forth herein, Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 969), is DENIED. A separate judgment shall issue.

IT IS SO ORDERED this 12th day of January, 2017.

ROBIN J. CAUTHRON
United States District Judge